IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL PATRICK SHEEHAN,** | : | CIVIL NO. 1:18-CV-1748 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN CATRICIA L. HOWARD,** | : | |
| Respondent | : | |

# MEMORANDUM

Before the court is a petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Daniel Patrick Sheehan ("Sheehan"), a Federal Bureau of Prisons ("BOP") inmate currently incarcerated at Federal Correctional Institution at Allenwood Medium ("FCI-Allenwood Medium"), White Deer, Pennsylvania. For the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

## I. Background

Sheehan's criminal matter proceeded in the United States District Court for the Eastern District of New York as follows:

> By indictment filed on March 20, 2013, the defendant was charged in Count One with a "Hobbs Act Extortion" in that he allegedly "demanded money from the Home Depot Store in Huntington Station, New York via threatening letters and telephone calls to the store's manager" in violation of 18 U.S.C. § 1951, and, under Count Two, with the "Use of a Destructive Device to Commit [the] Extortion" charged in Count One in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

The case was tried before a jury over several days beginning on June 11, 2013. During defendant's opening statement, he acknowledged his guilt as to Count One consistent with what he told members of law enforcement upon his arrest. But he denied the allegations in Count Two upon the ground that the "pipe bomb" he secreted in the store was not functional and thus the device was not a "destructive device" as defined by statute. The jury returned a verdict of guilty as to both counts. By Memorandum & Order, dated July 11, 2014, the Court denied defendant's motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, rejecting the contentions that he was entitled to acquittal or a new trial on the grounds that the "pipe bomb" was not a destructive device, he was denied a fair trial, and the jury charge was flawed. Sheehan was sentenced to a term of imprisonment of 30 years on Count Two (the mandatory minimum) and a consecutive term of imprisonment of one month on Count One.

On appeal, Sheehan continued to challenge his conviction under Count Two maintaining that the "pipe bomb" was not a "destructive device", that the prosecutor's summation deprived him of a fair trial, and that the jury instructions were erroneous. On September 23, 2016, the Second Circuit rejected defendant's arguments and affirmed his conviction.

. . .

In his [28 U.S.C. § 2255] petition, defendant asserts that his conviction on Count Two should be vacated as trial counsel rendered ineffective assistance in that (1) he failed to view discovery with defendant; (2) his loyalty was with the prosecution; (3) he "barred [defendant] from discussing Media lies while on the stand to the point [defendant] did not take the stand at all;" (4) he conceded defendant's guilt as to the extortion count when Sheehan "only attempted extortion;" (5) he failed to follow-up when defendant's PSR was not done for six months; (6) he moved defendant to a prison called GEO to make it easier on the US Marshals; and (7) he failed to make any pretrial motions or conduct any investigation. (DE 75 at 2-14.) As to "appellate" counsel, he claims that the counsel who represented him at sentencing and was supposed to represent him on appeal (1) failed to argue that defendant was entitled to a 3 point reduction for his crime being attempted extortion and not extortion; (2) would not email defendant and blocked his phone calls, and (3) farmed him out to co-counsel without consulting him. Further, that co-counsel never met him or discussed the appeals strategy, waived oral argument, and referred to him as delusional on appeal. (Id. at 15-19.) Lastly, defendant argues that the Supreme Court ruling in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551,

2

>192 L.Ed.2d 569 (2015) "eliminates attempted extortion as a violent crime worthy of supporting a 924c as a predicate offense." (Id. at 19-21.)

Sheehan v. United States, No. 16-CV-6385, 2018 WL 1796548, at *1 (E.D.N.Y. April 16, 2018) (footnote omitted).  On April 16, 2018, in denying the § 2255 motion, the district court rejected each ineffective assistance of counsel claim.  Id.  The district court also held in abeyance the Johnson issue pending appointment of counsel and further briefing.  Id. at *8-9.  Sheehan subsequently withdrew the Johnson claim.  See United States v. Sheehan, No. 13-CR-186, at (Doc. 108) (E.D.N.Y.).

Sheehan filed the instant petition (Doc. 1) seeking relief based on the following: (1) he is factually innocent of the predicate offense of extortion because he never received any property; (2) the jury instructions were improper and his counsel was ineffective in failing to object to them; (3) the trial judge improperly rejected his Fourth Amendment claim; (4) the trial judge failed to issue a certificate of appealability regarding the denial of his § 2255 motion; (5) the trial judge improperly gave the prosecution extensions of time; and, (6) his lawyers controlled the content in his Rule 29 and 33 motions.  (Doc. 1, at 6-8, 10-14).  Sheehan claims that the remedy under § 2255 is inadequate or ineffective because the denial of his § 2255 motion was "cursory, evasive and bias[ed]", the district court relied on 2017 case law when ruling on the Fourth Amendment claim, and the district court denied him a certificate of appealability.  (Id. at 5).  He urges the court to overturn his conviction and immediately release him from custody.  (Id. at 8).

## II.     Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that

4

doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251-52.

In seeking to overcome these § 2241 barriers, Sheehan contends that a § 2255 motion is inadequate or ineffective to test the legality of his detention because the sentencing court "repeatedly defied the rulings of the Supreme Court, the 2nd [C]ircuit's Court of Appeals, refused to adhere to law, statute requirements, procedure or even the Constitution, in what can only be inferred as a 'winning at all costs' approach to justice." (Doc. 10, at 2). Because Sheehan believes that the sentencing court was biased, he challenges the decisions of the federal sentencing

5

court, and seeks to raise claims that were already rejected by the sentencing court in the instant § 2241 petition.

Sheehan's arguments do not fall within the narrow exception created by Dorsainvil. Specifically, Sheehan does not allege that his claims are based on any newly discovered evidence. Likewise, Sheehan has not established that an intervening change in the substantive law has resulted in a conviction for conduct which is no longer considered criminal, and he therefore cannot establish actual innocence. See Dorsainvil, 119 F.3d at 251. Sheehan has also not presented any facts to show that the denial of his habeas action would raise serious constitutional issues. Additionally, it is clear that Sheehan raised certain claims contained in the instant habeas petition in the § 2255 motion he filed in the Eastern District of New York, and they were rejected by the sentencing court. Sheehan cannot seek further relief in this court merely because his § 2255 motion was unsuccessful. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the petition will be dismissed for lack of jurisdiction. An authorized second or successive § 2255 motion in the Eastern District of New York is a potential vehicle for relief on Sheehan's claims, not a § 2241 petition in this court.

## III. Conclusion

Based on the foregoing, Sheehan's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      September 24, 2019