IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL PATRICK SHEEHAN,** | : | CIVIL ACTION NO. 1:18-CV-1748 |
| | : | |
| **Petitioner** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN CATRICIA HOWARD,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner Daniel Patrick Sheehan ("Sheehan"), a Federal Bureau of Prisons inmate, initiated this habeas action pursuant to 28 U.S.C. § 2241. (Doc. 1). On September 24, 2019, the court issued a memorandum and order dismissing the habeas petition for lack of jurisdiction. (Docs. 25, 26). On appeal, the United States Court of Appeals for the Third Circuit affirmed this court's order dismissing the habeas petition. (Doc. 30; Sheehan v. Warden Allenwood FCI, No. 19-3313 (3d Cir.)). Presently pending before the court is Sheehan's Rule 60(b) motion for relief from judgment. (Doc. 31). For the reasons set forth below, the court will dismiss the motion.

**I.   Background**

On September 15, 2018, Sheehan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction in the United States District Court for the Eastern District of New York for attempted violation of the Hobbs Act and use of a destructive case device to commit extortion. (Doc. 1). On September 24, 2019, the court dismissed the petition for lack of jurisdiction. (Docs. 25, 26).

Sheehan filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 27). On April 8, 2020, the Third Circuit Court of Appeals affirmed this court's September 24, 2019 order dismissing the petition for writ of habeas corpus. (Doc. 30; Sheehan v. Warden Allenwood FCI, No. 19-3313 (3d Cir.)).

On November 16, 2020, Sheehan filed the instant motion for relief from judgment pursuant to Rule 60(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. (Doc. 31). Sheehan contends that he is entitled to relief based on mistake, newly discovered evidence, and for any other reason. (Id. at 1-4). The motion is fully briefed and ripe for disposition.

## II.    Discussion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>>  . . . or
>
>> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Sheehan cites Rule 60(b)(1), (2), and (6) in support of his motion.

### A. Rule 60(b)(1) and (2) Motion

Rule 60(b)(1) and (2) allow relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence." FED. R. CIV. P. 60(b)(1), (2). "A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Sheehan filed the instant motion on November 16, 2020, seeking relief from the court's September 24, 2019 order. It is clear that Sheehan filed his motion more than one year after the court dismissed his habeas petition. Thus, Sheehan's motion seeking relief based on mistake and newly discovered evidence, under Rule 60(b)(1) and (2), is untimely and will be dismissed.

### B. Rule 60(b)(6) Motion

The Rule 60(b)(6) catchall provision allows relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). A Rule 60(b)(6) motion must be filed "within a reasonable time." FED. R. CIV. P. 60(c)(1). In order to obtain relief under Rule 60(b)(6), a petitioner must show the existence of "extraordinary circumstances." Gonzalez, 545 U.S. at 535; Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). "Such circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535. A showing of extraordinary circumstances involves a showing that without relief from the judgment, an "'extreme' and

'unexpected' hardship will result." Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)).

Sheehan has not established the requisite extraordinary circumstances. Sheehan argues that this court committed legal error in ruling that the habeas petition did not include a substantive change in the law. (Doc. 31, at 4; Doc. 33, at 2). He appears to argue that his conviction under 18 U.S.C. § 924(c) does not qualify as a crime of violence in light of the United States Supreme Court decision in Sessions v. Dimaya, --- U.S. ---, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018).[1] However, "legal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Courts of Appeals. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 912 (3d Cir. 1977). Sheehan had the opportunity to appeal this court's decision dismissing his habeas petition. On appeal, the Third Circuit Court of Appeals affirmed the court's September 24, 2019 order dismissing the habeas petition. Therefore, the motion for relief from judgment under Rule 60(b)(6) will be dismissed. See Martinez-McBean, 562 F.2d at 911 ("[I]t is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal.").

---

[1] In Dimaya, the United States Supreme Court held that the residual clause in the definition of a "crime of violence" under 18 U.S.C. § 16(b) was unconstitutionally vague in relation to the Immigration and Nationality Act. However, the United States Court of Appeals for the Third Circuit has recognized that 28 U.S.C. § 2241 is not the appropriate vehicle to pursue a Dimaya claim. See Rosello v. Warden, FCI-Allenwood, 735 F. App'x 766, 768, n.5 (3d Cir. 2018).

### III.     Conclusion

Based on the foregoing, the court will dismiss Sheehan's Rule 60(b) motion (Doc. 31) for relief from judgment.  An appropriate order shall issue.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        December 29, 2020